**KELNER & KELNER, ESQS.**
**7 WORLD TRADE CENTER, SUITE 2700**
**NEW YORK, NEW YORK 10007**
**(212) 425-0700**

MEMO ENDORSED

February 6, 2023

**Submitted by ECF**
Honorable Colleen McMahon
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

 Re: *Talavera v. City of New York, et al.*
 Docket No.: 22-cv-06670

Dear Judge McMahon:

 Our law firm represents plaintiff Sonia Talavera, as Administrator of the Estate of Herman Tito Diaz, in this matter. I am writing to request that the Court issue an order directing the Department of Correction produce unredacted copies of the incident surveillance videotape, investigative reports, and witness statements in this matter. I have conferred with defense counsel for the City, Gregory Accarino, who does not oppose this application.

 As the Court is aware, this action arises from the death of Herman Tito Diaz, a detainee, while in the City's custody at Rikers Island. The incident was captured on videotape through the facility's surveillance system. The DOC also investigated the incident and took statements from a number of other detainees about what transpired. In our discussions, the City's counsel has advised me that DOC intends to produce these videotape with the faces of the detainees who witnessed the occurrence electronically blotted out and also intends to redact the names and other identifying information of these other detainees from witness statements and other written documents. These redactions are all based on a purported concern about the potential applicability of N.Y. CPL §160.50. The provision simply does not apply here.

 CPL §160.50 provides that, upon termination of a criminal proceeding in favor of the accused, "all official records and papers…relating to the arrest or prosecution" shall be sealed. *See* CPL 160.50(c). In a federal question case such as this one, "invocation of privilege or statutory bars on the production of information are governed by federal law," though the federal court will "take account of the policies embodied in state law." *Haus v. City of New York*, 2006 WL1148680 (S.D.N.Y. 2006). In other words, the law is not inexorably binding here.

 Here, none of the information at issue falls even within the ambit of the statute to begin with. Plaintiff is not seeking records relating to the "arrest or prosecution" of any of the witnesses to the occurrence. She is only seeking documents created by the Department of Correction in the course of its investigation of this occurrence and the complete videotape from its surveillance system. Section 160.50 "has been held to be inapplicable to documents" that were "not generated in furtherance of the prosecution of the criminal proceeding." *Pritzker v.*

[Handwritten annotation: 2/6/2023 Please submit a form of order. I plead to something granting this request.]

*City of Hudson*, 26 F. Supp. 2d 433, 440-41 (N.D.N.Y. 1998). *See also People v. McGurk*, 229 A.D.2d 895, 896 (3rd Dept. 1996) (finding documents not sealed because, inter alia, they "were not generated in furtherance of the prosecution of the criminal proceeding").[1] None of these documents have anything to do the criminal proceedings against the event witnesses. They all relate to this incident itself, and nothing more. And plaintiff is seeking only their names and a complete copy of the videotape so that she can do what the DOC has already done: identify and speak to them about the incident.

Even if we assume *arguendo* that any of the records are within the scope of the statute, the federal policy in favor of full disclosure and the search for truth would outweigh any conceivable state law privacy interest. "[O]rdinarily the overriding policy is one of disclosure of relevant information in the interest of promoting the search for truth in a federal question case." *Burke v. New York City Police Dept.*, 115 F.R.D. 220, 225 (S.D.N.Y.1987). *See, e.g., Cruz v. Kennedy*, 1997 WL 839483 (S.D.N.Y. 1997) (finding that "the federal interests embodied in section 1983 militate in favor of compelling disclosure in this case" and overriding CPL §160.50). Here, the information plaintiff is seeking is vitally important to the issues in the case. The witnesses identified in the DOC's investigative documents and depicted in the videotape are of obvious relevance to discovery. By its position, the DOC would effectively deny plaintiff the ability to identify witnesses to the occurrence (other than those the agency itself employed).

In short, CPLR §160.50 clearly does not apply. It is respectfully submitted that the application – which, again, the City does not oppose – should be granted.

I thank the Court for its consideration.

Respectfully submitted,

Joshua D. Kelner (JK-3303)

cc:

All counsel (By ECF)

---

[1] The law is also obviously inapplicable to any instance where a person was convicted of the offense.